UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KUTAME ALLAH, | Civil Action No. 16-1045 (FLW) |
| Petitioner | |
| v. | MEMORANDUM AND ORDER |
| THE STATE OF NEW JERSEY, | |
| Respondent. | |

Petitioner Kutame Allah, a prisoner confined at Monmouth County Correctional Institution, attempts to bring a habeas petition pursuant to 28 U.S.C. § 2241.  (*See* ECF No. 1.) The Court must now screen the Petition and dismiss it if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).  For the reasons explained below, the Court will dismiss the Petition pursuant to Rule 4 of the Rules Governing § 2254 cases for failing to state a federal claim as required by Habeas Rule 2(c) of the Rules Governing § 2254 Cases), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules, and will provide Petitioner with 30 days within which to submit an amended Petition that cures the deficiencies in his Petition.

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  The Habeas Rules require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested.[1]  *See* 28

---

[1] *Pro se* pleadings are held to less stringent standards than more formal pleadings drafted by lawyers, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and a *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308

U.S.C. § 2254 Rule 2(c) & (d), applicable through Rule 1(b); *see also In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (explaining that "factual allegations" are descriptions of "the who, what, when, where, and how: the first paragraph of any newspaper story").  Habeas Rule 4 requires the district judge to review a petition upon filing and to *sua sponte* dismiss it without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable to § 2241 through Rule 1(b).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.' [28 U.S.C.] § 2243.  Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Breazeale v. Shultz*, No. 09-2118(NLH), 2009 WL 1438236, at *2 (D.N.J. May 19, 2009) (citing *Mayle v. Felix*, 545 U.S. 644, 655 (2005)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (summary dismissal is warranted where the petition contains vague and conclusory allegations).

---

F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Denny v. Schult*, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); *see also* 28 U.S.C. §§ 2243, 2255.

Here, Petitioner's Petition under 28 U.S.C. § 2241 states that Petitioner is a pretrial

detainee awaiting sentencing and is challenging his pretrial detention. (ECF No. 1, Pet. at 2.)  His

Petition, however, lists "N/A" in response to the questions related to the decisions or state

conduct he is challenging, and describes his civil action as a "tort claim." (See, e.g., Pet. at 3-7.)

Although Petitioner has attached a statement of his claims and lists nine grounds for relief,[2] this

section of his Petition is best described as unintelligible.[3]  For example, in "Ground One,"

Petitioner states as follows:

> "THE STATE OF" NEW JERSEY a foreign Private Corporation
> 14th Amendment Citizen with only Civil Rights claimed an interest
> in 14th Amendment Foreign Private Corporation Citizen KUTAME
> ALLAH and created constructive trust claim no. 14-00-0935
> indictment no. 14-04-00791 and claim no 14-10-1717 indictment
> no. 13005168 by way of "THE COUNTY OF" MONMOUTH
> Prosecutors Office Executive Branch Tara Wilson and Hoda
> Soliman, Mr. William Somers, Ellyn Raifar, Assistant Prosecutor
> and Christopher J. Gramiccioni Acting Prosecutor and all of their
> superiors at the COUNTY OF MONMOUTH PROSECUTORS
> OFFICE 132 JERSEYVILLE AVENUE FREEHOLD NEW
> JERSEY 07728.

(*Id.* at page 8.)  In the supporting facts for Ground One, Petitioner alleges as follows:

---

[2] Petitioner has also submitted exhibits, including his social security card (ECF No. 1-2), court documents related to charges against him (*Id.* at 1-3; 1-4), and a New Jersey Plea form signed by Petitioner. (*Id.* at 1-5.) These documents, however, do not clarify Petitioner's grounds for relief in the absence of an intelligible statement of his claims.

[3] If the Court were to construe Petitioner's claims as a civil action under 42 U.S.C. § 1983, it would reach the same conclusion.  Even after taking into account his status as a *pro se* litigant, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 U.S., 127 S.Ct. 2197, 2200 (2007) (*per curiam*) (noting rule that *pro se* complaint must be held to less stringent standards), Petitioner fails to comply with the basic pleading requirements. The "grounds for relief" section lacks a "short and plain statement [s]" of either the grounds for jurisdiction or of any "claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a); *see also In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996).  Furthermore, his specific allegations are neither "'simple, concise, [nor] direct.' " *Westinghouse*, 90 F.3d at 702 (quoting Rule 8(e)); *see also Rhett v. New Jersey State Superior Court*, 260 F. App'x 513, 515 (3d Cir. 2008) (explaining same).

> In order for a Trust to be created there must be a valid presumption also conveyed value. The Conveyed value is the personal private property physical description and physical body flesh and blood live man owner and asset holder Kutame Allah by way of a Surety Insurance policy/ bond or Judicial bond/ Lien created by unlawful consideration of $ 826,000.00 cash only stipulation surety lien/Judicial lien on the personal private property description and physical body flesh and blood of the owner and asset holder Kutame Allah at gun point set by Judge Honora O' Brien Kilgallen at "THE COUNTY OF" MONMOUTH SUPERIOR COURT at 71 MONUMENT PARK FREEHOLD NEW JERSEY 07728. A Cestui Cue Vie Trust KUTAME ALLAH was set up [see birth certificate and social security number] AUTOTRIS AND CUSIP ACCOUNTS for the beneficiary flesh and blood Kutame Allah to settle debts in business, commerce and at law in 1968 . "THE STATE OF" NEW JERSEY claimed an interest in Cestui Cue Vie Trust KUTAME ALLAH a 14th Amendment  Foreign Private Corporation Trust Citizen and created this constructive trust KUTAME ALLAH a 14th Amendment Foreign Private Corporation Trust Citizen .This is Surety Insurance fraud, Surety fraud, Trust fraud, Breach of Trust, Securities fraud, Criminal Tax evasion.

Petitioner's remaining eight grounds for relief are similarly unintelligible.  (*See id.*, Pet. at 8-18.)

It appears from the Petition and attachments that Petitioner may be attempting to challenge a plea he entered in the Superior Court of New Jersey, Monmouth County, but the Court cannot discern anything further from the Petition as currently written.

Thus, having reviewed the entire Petition, including the nine grounds for relief and attached exhibits, the Court finds that Petitioner has failed to state a federal claim as required by Habeas Rule 2(c) of the Rules Governing § 2254 Cases, and his asserted claims are summarily dismissed.  *See* 28 U.S.C. §§ 2254 Rule 2(c), 4 (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  To the extent he can remedy these deficiencies, Petitioner may file an amended Petition that complies with Rule 2(c) within 30 days of the date he receives this this Memorandum and Order.

**IT IS** on this 27th day of June, 2016

4

**ORDERED** that the Petition is hereby **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 cases for failing to state a federal claim as required by Habeas Rule 2(c) of the Rules Governing § 2254 Cases), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules; and it is further

**ORDERED** that Petitioner may file an amended Petition that complies with Rule 2(c) within 30 days from the date of entry of this Order; and it is further

**ORDERED** that that the Clerk shall serve this Order upon the Petitioner, and shall administratively terminate this case accordingly.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge
